# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**BARTLETT ELLIOTT,**

    Plaintiff,

v.                                                        No. CIV-06-0291 MCA/LFG

**HAROLD PITTMAN, Postmaster,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Harold Pittman's Motion to Dismiss (Doc. 6), which is based on absence of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2); insufficiency of service of process under FED. R. CIV. P. 12(b)(5); and failure to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6). In the alternative, the motion seeks summary judgment. After reviewing the parties' arguments, the complaint, and the relevant law, the Court concludes that service of process was insufficient and that summary judgment should be granted.

## STANDARD OF REVIEW

In reviewing a *pro se* complaint, a court applies the same legal standards applicable to pleadings counsel has drafted, but is mindful that the complaint must be liberally construed. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "The broad reading of the plaintiff's complaint [, however,] does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

> [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no

> special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id.* (citations omitted).

In deciding a motion to dismiss for insufficient service of process, the Court may review the record to determine whether process has, in fact, been properly served. *See, e.g., Jones v. Frank*, 973 F.2d 872, 873 (10th Cir. 1992).

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In resolving a motion for summary judgment, the Court must draw all justifiable inferences in favor of the non-moving party, Mr. Elliott. *See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). Once the Defendant has initially shown "that there is an absence of evidence to support the non-moving party's case," Mr. Elliott must come forward with significant probative evidence showing a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); FED. R. CIV. P. 56(e).

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 17, 2006, Mr. Elliott filed a complaint against Defendant, who is the Postmaster of Belen, New Mexico, in Valencia County magistrate court. He alleges entitlement to a refund of $26.00 because he canceled a post-office-box rental but was not offered a full refund, plus $100 in unspecified damages. *See* Doc. 1, Ex. 1 (Complaint). Defendant removed the case to federal court and filed an answer on April 13, 2006, asserting that the complaint should be dismissed for

insufficiency of process under FED. R. CIV. P. 4(i) for failure to serve the U.S. Attorney and Attorney General, and that the claim for a full refund is "barred by the Supremacy Clause in that the rental of postal boxes is governed by federal regulations." Doc. 2 at 2.

Defendant filed his motion to dismiss or for summary judgment on May 11, 2006. In his response to the motion, Mr. Elliott contended that his failure to serve the U.S. Attorney and Attorney General "was an oversight . . . and the plaintiff pleads the Court and prays for the Court's mercy as to reconsideration." Pl.'s Resp. (Doc. 7) at 3. The record indicates that Mr. Elliott still has not served the U.S. Attorney or the Attorney General.

## ANALYSIS

To effect service of process on Defendant, an officer of the United States acting in an official capacity, Mr. Elliott must deliver a copy of the summons and complaint to the United States Attorney for the district of New Mexico and send a copy of the summons and the complaint by registered or certified mail to both the Attorney General of the United States and to the applicable officer. *See* Fed.R.Civ.P. 4(i)(2)(A); *Espinoza v. United States*, 52 F.3d 838, 839 n.2 (10th Cir. 1995). "A pro se litigant is still obligated to follow the requirements of FED. R. CIV. P. 4," *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993), and the Court "cannot sanction [a pro se] Plaintiff's complete failure to correct his service defects after being told what was wrong," *Jones*, 973 F.2d at 874 (affirming district court's dismissal of pro se litigant's action against postmaster under Rule 4 because of lack of proper service).

Mr. Elliott presented proof only that he served Defendant by certified mail, and admits that he did not serve the U.S. Attorney or Attorney General. *See* Doc. 7 at 2-3. Under Rule 4(m), if proper service of the summons and complaint is not made within 120 days after the filing of the

complaint, the district court must grant an "appropriate" extension of time upon a showing by the plaintiff of "good cause for the failure." FED. R. CIV. P. 4(m); *see Espinoza*, 52 F.3d at 840-841. Over 120 days has passed since he filed his complaint, but Mr. Elliott has not alleged or shown good cause for the failure to serve. The Court has discretion, therefore, either to: (1) dismiss the action without prejudice, or (2) direct that service be effected within a specified time. *See Espinoza*, 52 F.3d at 841. Because, as explained below, Mr. Elliott's claim for refund is pre-empted by federal law that bars his claim, the Court will grant summary judgment instead of dismissing the case or extending the time in which Mr. Elliott may effect proper service.

Congress has given the Postal Service the authority to promulgate rules governing the provision of mail service. See 39 U.S.C. § 401(2); 39 C.F.R. § 211.2(a) (setting forth which resolutions, standards, manuals, and other materials make up the postal regulations). Federal regulations authorized under federal law have the same pre-emptive effect on state or local laws as the federal laws themselves. *See Fidelity Fed. Sav. & Loan Ass'n v. De La Cuesta*, 458 U.S. 141, 153 (1982). Therefore, any claim for refund that Mr. Elliott may have is controlled by the postal regulations governing refunds for post office boxes.

The Domestic Mail Manual ("DMM") contains the regulations governing the rental of post office boxes. "A postmaster and a box customer may not make any agreement that contravenes the regulations on post office box service or its fees." DMM § 508.4.2.1. Under these regulations, "[a]ll fees for post office box service are for a 6-month period . . . [and] must be paid for in advance." DMM § 508.4.5.4. "When post office box service is terminated or surrendered by the customer, the unused portion of the fee may be refunded as follows: [] If service is discontinued any time within the first 3 months of the service period, then one-half of the fee is refunded." DMM § 508.4.7.1.a. "A

4

post office box is surrendered if: a. A box customer refuses or fails to pay the proper fees by the due date [or] b. A box customer submits a written notice to discontinue service." DMM § 508.4.9.4.a, b.

Defendant established through affidavits and copies of Mr. Elliott's application for a post office box that Mr. Elliott was issued a post office box and key on January 31, 2006, and that he has never submitted a written notice to discontinue service. *See* Mot. to Dismiss or for Summary Judgment, Exs. A and Att. 1. Mr. Elliott did not dispute either material fact by affidavit in his Response. "At the summary judgment stage, a complainant cannot rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *Burke*, 462 F.3d at 1258 (internal quotation marks omitted). Because Mr. Elliott has not raised a genuine issue of material fact whether he is entitled to a refund under DMM § 508.4.9.4, and Defendant has demonstrated by competent and undisputed evidence that he is not entitled to such a refund both because the regulations allow a refund for only half the amount paid and because Mr. Elliott never submitted a written notice to discontinue service, the Court will grant summary judgment to the Defendant.

**IT IS, THEREFORE, ORDERED** that *Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment and Memorandum in Support Thereof* [Doc. 6] is **GRANTED**.

**SO ORDERED** this 28th day of February, 2007, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge